IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   Case No.: 8:19-cr-00544-TPB-TGW

TONY SALAZAR SALAZAR,
    Defendant.
_____/

## TONY SALAZAR SALAZAR'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

The defendant, Tony Salazar Salazar, by and through his undersigned counsel, respectfully comes before this Honorable Court having pleaded guilty to one count of Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§70503(a) and 70506(a) and (b), and 21 U.S.C. §960(b)(1)(B)(ii). Mr. Salazar files this sentencing memorandum to address his objections to the Presentence Investigation Report ("PSR") and to move this Honorable Court for a downward variance that would result in him serving a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553(a)(2).

Tony Salazar Salazar is 49 years old. He was detained on this case in international waters on November 6, 2019. Mr. Salazar pleaded guilty on April 15, 2021 and was debriefed by federal authorities on May 19, 2021. The Government agrees that Mr. Salazar is eligible for the safety valve under the First Step Act.

# MEMORANDUM OF LAW

## I. Objection to Attributing 660 Kilograms of Cocaine to Mr. Salazar

Mr. Salazar objects to attributing 660 kilograms of cocaine to Mr. Salazar rather than 240 kilograms. The July 29, 2017 events involving the FV *Maita* are not "part of the same course of conduct or common scheme or plan as the offense of conviction" pursuant to USSG §1B1.3(a)(2) and should not be considered as relevant conduct by Mr. Salazar for sentencing purposes in the instant case. There is no evidence that Mr. Salazar was continuously involved in a conspiracy from July 29, 2017 to November 6, 2019. The Government itself elected not to pursue any criminal charges against Mr. Salazar related to his presence on the FV *Maita*. More than 27 months separate the events surrounding the FV *Maita* and the FV *Don Agustin* and there is <u>no</u> proof that Mr. Salazar engaged in <u>any</u> illegal activity during that intervening time period.

Application Note 5(B)(ii) to USSG §1B1.3 states, "Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required. For example, where the conduct alleged to be relevant is relatively remote to the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity."

"In determining the quantity of drugs attributable to a particular defendant under the Guidelines, a district court must make proper findings of fact." U.S. v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). "When a defendant challenges one of the factual bases of his sentence as set forth in the PSR, the Government has the burden of establishing the disputed fact by a preponderance of the evidence." Id. (Citations omitted.)

In the instant case, the Government bears the burden of proof, by a preponderance of the evidence, to present reliable and specific evidence that Mr. Salazar's presence on the FV *Maita* is relevant conduct for sentencing purposes. The Government is unable to do so. The defense concedes that the Government can, in its effort to establish "same course of conduct or common scheme or plan as the offense of conviction," demonstrate similarity between the offenses. However, the irregularity of the offenses and the time interval between the offenses precludes the events of July 29, 2017 from being considered as conduct relevant to the offense of conviction. Consequently, the 420 kilograms of cocaine from the FV *Maita* cannot be attributed to Mr. Salazar for sentencing purposes.

It is noteworthy that the PSR, which was submitted to this Court after the defense raised its objection and specifically mentioned Application Note 5(B)(ii) to USSG §1B1.3, does not address the Lawrence case. It also does not refute or adequately address the irregularity of the offenses or the significant amount of time separating the events of July 29, 2017 and the offense of conviction.

If this Court sustains Mr. Salazar's objection, and adjusts the amount of cocaine attributable to Mr. Salazar to 240 kilograms, Mr. Salazar's total offense level will be reduced to 31 from 33 and the guideline imprisonment range will be from 108 months to 135 months.

## II. 18 U.S.C. §3553(a) Factors and Motion for Downward Variance

Given the 18 U.S.C. §3553(a) factors and Mr. Salazar's poverty and lack of education, a prison sentence not exceeding 97 months would be "sufficient, but not greater than necessary" to accomplish the purposes of sentencing. 18 U.S.C. §3553(a).

### A. 18 U.S.C. §3553(a)(1) Factors

"The court, in determining the particular sentence to be imposed, shall consider – (1) the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1).

Mr. Salazar qualifies for at least two factors under 18 U.S.C. §3553(a)(1) that warrant a departure from the advisory guidelines: his extreme poverty and lack of education. Mr. Salazar has no prior criminal record. His formal education ended in sixth grade due to financial necessity; his father needed him to work to help support the family. His reported weekly income at the time of his arrest was just $0.00006. He has no assets. He has a wife and an adult son from a previous marriage. His wife suffers from fibroid issues and needs surgery. Mr. Salazar is the primary, if not sole, source of income for his family. His arrest caused his son to drop out of college.

## B. 18 U.S.C. § 3553(a)(2) Factors

In addition to the history and characteristics of the defendant, 18 U.S.C. §3553(a)(2) provides that the court shall consider:

> The need for the sentence imposed
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. §3553(a)(2).

Mr. Salazar has been a fisherman his entire adult life. The FV *Don Agustin* was a legitimate fishing boat: its crew was comprised of fishermen who caught fish and sold their catch at port. The offense of conviction was a crime of opportunity and was driven by the crew's dire economic status, not greed or malice. The men, including Mr. Salazar, knew that it was <u>possible</u> that a boat would meet them at sea and unload its cargo onto the FV *Don Agustin*, but it wasn't a certainty.

Some of Mr. Salazar's codefendants are receiving reduced sentences pursuant to USSG §5K1.1; Mr. Salazar is not. Consequently, there is a real possibility that the captain of the FV *Don Agustin* will receive a more lenient sentence than Mr. Salazar. Such an outcome would be unjust. As mentioned above, Mr. Salazar has no criminal record and was driven by economic desperation, whereas the captain knew of the possible drug rendezvous and

communicated with the suppliers of the drugs beforehand. To prevent such a result, Mr. Salazar respectfully moves for a downward variance.

Mr. Salazar prays that this Court will consider the facts detailed in this memorandum and grant a downward variance from the sentencing guidelines. A prison sentence not exceeding 97 months is adequate to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

## CONCLUSION

**WHEREFORE**, the Defendant, Tony Salazar Salazar, respectfully submits his objections to the PSR and moves this Honorable Court for a downward variance that would result in a prison sentence not exceeding 97 months.

**Dated** this 21st day of July, 2021.

Respectfully submitted,

**Shelton S. Bridges, Esquire**
Florida Bar No. 330980
Attorney and Counselor at Law
Bridges Law Group, PLLC
3690 W. Gandy Blvd., #458
Tampa, FL 33611-2608
Telephone: (813) 609-0071
Primary e-mail: eservice@sheltonbridges.com (e-service only)
Secondary e-mail: shelton@sheltonbridges.com
Attorney for Defendant, Tony Salazar Salazar

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

AUSA Joseph K. Ruddy
United States Attorney's Office
400 N. Tampa St., Ste. 3200
Tampa, FL 33602

*[signature]*

**Shelton S. Bridges, Esquire**